Chief Judge Fuld
(dissenting). By reason of Cohen v. Hurley (366 U.S. 117), the appellants were faced with a Hobson’s choice of disbarment or the production of the documentary evidence and the giving of the testimony upon which their suspensions depend. It seems to me that the rationale underlying Spevack v. Klein (385 U. S. 511), as well as the Supreme Court’s mandate to the Appellate Division (386 U. S. 15), requires that there be an inquiry to ascertain whether the appellants (or either of them), absent the compulsion stemming from the Cohen decision, would have asserted their privilege against self incrimination — whether, in other words, the testimony given by them, seemingly voluntary, was actually so and, if not, whether evidence from other sources justified the disciplinary action taken against them. There are other reasons why lawyers may, and frequently do, choose to testify when charges are filed against them but whether these appellants gave thei^,testimony under the compulsion of Cohen v. Hurley (366 U. S. 117, supra) is a question of fact to be considered and resolved like other issues *440 of fact.[1] If I were to agree with the majority’s conclusion that such an inquiry would be too speculative, I would favor dismissal of the charges unless they were supported by other evidence. However, since (as I have indicated) I believe that an issue of fact does exist, I would reverse the orders appealed from and remand the matter to the Appellate Division for further proceedings.
Judges Burke, Scileppi, Bregan, Keating and Breitel concur with Judge Van Voorhis; Chief Judge Fuld dissents and votes to reverse in a separate opinion.
Order affirmed. [See 20 N Y 2d 861.]

. Since one of thlf appellants actually asserted his privilege at one point, the question arises whether he was, indeed, impelled by the holding in the Cohen case to refrain from claiming the privilege in connection with the balance of his testimony.